ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta
MAR 2 2 2006
LUTHER D. THOMAS, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NDCHEALTH CORPORATION and PER-SE TECHNOLOGIES, INC.

Plaintiffs,

v.

BILLINGNETWORK, INC.,

Defendant.

Civil Action No.
1:06-CV-0666 RWS

**COMPLAINT FOR DECLARATORY JUDGMENTS OF PATENT NONINFRINGEMENT AND INVALIDITY**

Plaintiffs NDCHealth Corporation ("NDC") and Per-Se Technologies, Inc. ("Per-Se") (collectively, "Plaintiffs") file this Complaint for Declaratory Judgments of Patent Noninfringement and Invalidity against Defendant Billingnetwork, Inc. ("Billingnetwork") and in support of their Complaint allege:

**Nature and Basis of Action**

1.

This is an action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq.*

2.

Plaintiffs request declarations that: (i) they do not infringe any valid claim of U.S. Patent No. 6,374,229 ("the '229 patent") which issued on April 16, 2002, and (ii) the claims of the '229 patent are invalid. A copy of the '229 patent is attached as Exhibit A.

**The Parties**

3.

NDC is incorporated under the laws of the state of Georgia and has its principal place of business in Atlanta, Georgia. NDC is in the business of providing a variety of services and solutions, including software, to physicians and healthcare organizations.

4.

Per-Se is incorporated under the laws of the state of Delaware and has its principal place of business in Alpharetta, Georgia. Per-Se is in the business of providing a variety of services and solutions, including software, to physicians and healthcare organizations.

5.

Billingnetwork is incorporated under the laws of the state of Florida and has a place of business in Sarasota, Florida. Billingnetwork is in the business of

licensing technology. Billingnetwork may be served with process by serving its registered agent, Richard A. Krumholz, 1371 Boulevard of the Arts, Sarasota, Florida 34236.

**Jurisdiction and Venue**

6.

This Court has jurisdiction over the subject matter of this action based on federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7.

This Court has personal jurisdiction over Billingnetwork pursuant to the laws of the State of Georgia, including the Georgia long-arm statute, O.C.G.A. § 9-10-91, and because Billingnetwork has actively solicited business from Plaintiffs at their places of business within this judicial district by offering to license the '229 patent to Plaintiffs.

8.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**Facts Giving Rise to This Action**

9.

Billingnetwork claims to be the assignee of the '229 patent which purportedly covers an integrated internet facilitated billing, data processing and communications system.

10.

Billingnetwork has initiated approximately eight lawsuits to enforce the '229 patent. At least two of these suits are pending.

11.

In 2003, Billingnetwork sent NDC correspondence notifying NDC that Billingnetwork was the assignee of the '229 patent and offering to license the '229 patent to NDC. A copy of this correspondence is attached as Exhibit B.

12.

In 2003, Billingnetwork sent Per-Se correspondence notifying Per-Se that Billingnetwork was the assignee of the '229 patent and offering to license the '229 patent to Per-Se. A copy of this correspondence is attached as Exhibit C.

13.

Billingnetwork continued corresponding with Per-Se through 2004 and 2005 and to the present, soliciting Per-Se to license the '229 patent.

14.

On December 13, 2004, Billingnetwork filed a complaint (the "Infringement Complaint") against NDC and one of NDC's customers, Sunrise Services, LLC ("Sunrise"), in the United States District Court for the Middle District of Florida, (the "Florida Action") alleging that NDC and Sunrise advertised, offered for sale, made, used, and/or sold products in the United States that infringe, contribute to the infringement of and/or induce the infringement of the '229 patent. A copy of the Infringement Complaint is attached as Exhibit D.

15.

On June 29, 2005, having reached a settlement, Billingnetwork dismissed with prejudice the Infringement Complaint against Sunrise.

16.

On or about January 6, 2006, Per-Se acquired the hospital, small office-based physician and retail pharmacy segments of NDC's business, including the products Billingnetwork accused of infringing the '229 patent.

17.

On March 10, 2006, NDC and Billingnetwork attempted to mediate the Florida Action. During the course of the mediation, which was unsuccessful, Billingnetwork notified NDC that Billingnetwork proposed to dismiss its

Infringement Complaint against NDC without prejudice and to re-file a complaint for infringement of the '229 patent against both NDC and Per-Se.

18.

NDC agreed to enter a stipulated dismissal of the Infringement Complaint with Billingnetwork on March 21, 2006.

19.

Billingnetwork confirmed that the stipulated dismissal of the Florida Action would be filed with the court on March 22, 2006.

20.

Plaintiffs desire to make and sell their software within this judicial district and elsewhere without the cloud of Billingnetwork's infringement accusations disrupting their business.

**COUNT I**

**Declaration of Non-Infringement as to NDC**

21.

NDC reincorporates and realleges the allegations of Paragraphs 1 through 20 above as if fully set forth herein.

22.

Billingnetwork has asserted that NDC has infringed the '229 patent.

23.

NDC does not infringe any valid claim of the '229 patent.

24.

By suing NDC for infringement of the '229 patent and threatening future suit against NDC, Billingnetwork has created a cloud of uncertainty over NDC's business with respect to the '229 patent and caused NDC to be in reasonable apprehension of suit concerning the '229 patent.

25.

Thus, an actual case or controversy exists as to whether NDC infringes any valid claim of the '229 patent, thereby entitling NDC to a declaration of its rights.

26.

A judicial declaration that NDC does not infringe any valid claim of the '229 patent is appropriate and necessary.

**COUNT II**

**Declaration of Non-Infringement as to Per-Se**

27.

Per-Se reincorporates and realleges the allegations of Paragraphs 1 through 20 above as if fully set forth herein.

28.

Billingnetwork has asserted that Per-Se infringes the '229 patent.

29.

Per-Se does not infringe any valid claim of the '229 patent.

30.

By filing numerous infringement actions to enforce the '229 patent and threatening future suit against Per-Se, Billingnetwork has created a cloud of uncertainty over Per-Se's business with respect to the '229 patent and caused Per-Se to be in reasonable apprehension of suit concerning the '229 patent.

31.

Thus, an actual case or controversy exists as to whether Per-Se infringes any valid claim of the '229 patent, thereby entitling Per-Se to a declaration of its rights.

32.

A judicial declaration that Per-Se does not infringe any valid claim of the '229 patent is appropriate and necessary.

## COUNT III

### Declaration of Invalidity of the '229 Patent Claims

33.

Plaintiffs reincorporate and reallege the allegations of Paragraphs 1 through 20 above as if fully set forth herein.

34.

All '229 patent claims are invalid under one or more of 35 U.S.C. §§ 102, 103, or 112.

35.

By suing NDC for infringement of the '229 patent and threatening future suit against NDC, Billingnetwork has created a cloud of uncertainty over NDC's business with respect to the '229 patent and caused NDC to be in reasonable apprehension of suit concerning the '229 patent.

36.

By filing numerous infringement actions to enforce the '229 patent and threatening future suit against Per-Se, Billingnetwork has created a cloud of uncertainty over Per-Se's business with respect to the '229 patent and caused Per-Se to be in reasonable apprehension of suit concerning the '229 patent.

37.

Thus, an actual case or controversy exists as to the validity of the claims of the '229 patent, thereby entitling Plaintiffs to a declaration of their rights.

38.

A judicial declaration that the claims of the '229 patent are invalid is appropriate and necessary.

**Jury Demand**

Plaintiffs demand a jury trial on all issues triable before a jury.

**Request for Relief**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment:

A. That NDC does not infringe any valid claim of U.S. Patent No. 6,374,229;

B. That Per-Se does not infringe any valid claim of U.S. Patent No. 6,374,229;

C. That the claims of U.S. Patent No. 6,374,229 are invalid;

C. That this case is exceptional and awarding Plaintiffs their attorneys' fees and costs incurred in this action, pursuant to 35 U.S.C. § 285; and

D. Granting Plaintiffs such additional relief as the Court may deem just and proper.

Respectfully submitted, this 22nd day of March, 2006.

**s/ Frank G. Smith, III, Esq.**
Frank G. Smith, III
Georgia Bar No. 657550
Email: fsmith@alston.com
John D. Haynes
Georgia Bar No. 340599
Email: jhaynes@alston.com

ALSTON & BIRD, LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Fax: (404) 881-7777

Attorneys for Plaintiffs
NDCHealth Corporation and
Per-Se Technologies, Inc.